IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY M. YOUNG, *Plaintiff,* | : : : | CIVIL ACTION |
| v. | : : | No. 22-4509 |
| WELLS FARGO AUTO, *Defendant.* | : : | |

# MEMORANDUM

**Kenney, J.**                                                                                                     **January 26, 2023**

*Pro se* Plaintiff Amy M. Young brings this action against Wells Fargo Auto ("Wells Fargo"). Plaintiff's Complaint appears to allege that Wells Fargo violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, that her vehicle was wrongfully repossessed in violation of 15 U.S.C. § 1692(f)(6) of the Fair Debt Collections Practices Act ("FDCPA"), that Wells Fargo violated her civil rights by causing her to make unlawful payments on a fraud, and that Wells Fargo violated 15 U.S.C. §§ 1601, 1605. ECF No. 1. Before the Court is Defendant Wells Fargo's fully briefed Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(6)(2) and 12(b)(6). ECF Nos. 5, 6, 7, 8. For the reasons set forth below, the Court, finding it does not have personal jurisdiction over Defendant, will transfer this case to the District of New Jersey. As this Court finds Plaintiff has not demonstrated that this Court has personal jurisdiction over Defendant, the Court does not address Defendant's 12(b)(6) arguments, but rather leaves them for the District of New Jersey. An appropriate Order will follow.

I.   **BACKGROUND & PROCEDURAL HISTORY**

*Pro se* Plaintiff is a New Jersey resident. ECF No. 1 at 1. In October of 2021, Plaintiff purchased two vehicles from J&S Autohaus Six, LLC, which is located in New Jersey. ECF No.

1

1 at 3; ECF No. 5-3 at 2; ECF No. 5-4. Her purchase contracts for the two vehicles were later assigned to Wells Fargo. ECF No. 5-3 at 2. Plaintiff filed this suit on November 8, 2022. ECF No. 1. In her Complaint, Plaintiff appears to allege that: (1) Wells Fargo violated her rights under Section 1635 of the Truth in Lending Act ("TILA") for not disclosing Plaintiff's alleged recission right; (2) her vehicles were wrongly repossessed in violation of 15 U.S.C. § 1692(f)(6) of the Fair Debt Collections Practices Act ("FDCPA"); (3) Wells Fargo violated her civil rights by causing her to make unlawful payments on a fraudulent contract; and (4) Wells Fargo violated 15 U.S.C. §§ 1601, 1605. ECF No. 1. On the basis of these allegations, Plaintiff seeks $80,000 "for federal violations and damages, [her] title to both vehicles sent to [her] place of abode . . . [and] the removal of these account reporting to my consumer/credit reports." ECF No. 1 at 4.

On December 6, 2022, Defendant Wells Fargo filed the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). ECF No. 5. Plaintiff filed a Response on December 21, 2022. ECF No. 6. Defendant filed a Reply on January 10, 2023 and Plaintiff filed a Sur-reply on January 11, 2023. ECF Nos. 7, 8. The Motion has been fully briefed and is now ripe for consideration.

**II.   STANDARD OF REVIEW**

When a defendant files a motion to dismiss challenging "the court's personal jurisdiction, the plaintiff bears the burden 'to come forward with sufficient facts to establish that jurisdiction is proper.'" *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020) (quoting *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). "[I]t is well established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330–31 (3d Cir. 2009) (internal

quotation marks and citations omitted); *see also Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) ("[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction[.]"). Furthermore, because Plaintiff filed her Complaint *pro se*, the Court will liberally construe the pleadings. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

### III.  DISCUSSION

"A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir.1987)). Accordingly, a court sitting in Pennsylvania, must apply the Pennsylvania long-arm statute, which "gives its courts jurisdiction over out-of-state defendants to the maximum extent allowed by the U.S. Constitution." *Danziger & De Llano*, 948 F.3d at 129 (citing 42 Pa. Cons. Stat. § 5322(b)). Thus, to determine whether this Court has personal jurisdiction, the Court must determine whether, under the Due Process Clause, Defendant has "certain minimum contact with [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citations omitted). "Minimum contacts can be analyzed in the context of general jurisdiction or specific jurisdiction." *Metcalfe*, 566 F.3d at 334.

#### A.  General Jurisdiction

"A court may exercise general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*

3

*Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Int'l Shoe*, 326 U.S. at 317). In *Goodyear* and *Daimler*, the Supreme Court explained that for corporations the " 'paradigm forums in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Goodyear*, 564 U.S. at 924). "In rare instances general jurisdiction may arise in an 'exceptional case . . . [where] a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State.'" *Campbell v. Mars, Inc.*, 2016 WL 6901970, at *2 (E.D. Pa. Nov. 22, 2016) (quoting *Daimler*, 571 U.S. at 139 n.19).

In *Daimler*, the Supreme Court gave "a single example of an 'exceptional case': *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437 (1952)." *Anderjaska v. Bank of Am., N.A.*, No. 1:19-CV-3057, 2021 WL 877558, at *2 (S.D.N.Y. Mar. 9, 2021); *see also Daimler*, 571 U.S. at 139 n.19). In *Perkins*, the defendant was a Philippines mining corporation, which completely halted its mining operations during Japan's occupation of the Philippines during World War II. *Perkins*, 342 U.S. at 447. During this time, the defendant corporation's owner temporarily relocated the company's principal place of business to Ohio, where he maintained an office, kept company files, and supervised "the necessarily limited wartime activities of the company." *Id.* at 447-48. "Given the wartime circumstances," the Supreme Court found Ohio's exercise of personal jurisdiction over the company permissible because "Ohio could be considered a surrogate for the place of incorporation or head office." *Daimler*, 571 U.S. at 130 n.8 (citation and internal quotations omitted).

4

"In the years since *Daimler*, the 'exceptional case' has been often discussed but rarely found." *Anderjaska*, 2021 WL 877558, at *2. In fact, the Third Circuit has recognized that "it is 'incredibly difficult to establish general jurisdiction [over a corporation] in a forum *other* than the place of incorporation or principal place of business.'" *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016) (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (emphasis added)). The general jurisdiction inquiry, the Supreme Court has explained "calls for an appraisal of a corporation's activities in their entirety" as "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Tyrrell*, 581 U.S. at 414 (quoting *Daimler*, 571 U.S. at 139 n.20 (internal quotations omitted)).

Here, Defendant represents in its Motion to Dismiss that it is incorporated in the State of Delaware and that its principal place of business is in Sioux Falls, South Dakota. ECF No. 5-3 at 3. Therefore, neither of the forums for which Defendant is considered "at home" are in Pennsylvania. Additionally, this is not an exceptional case where the defendant corporation's activities in the forum are so substantial and of such a nature to render it at home in Pennsylvania. There is no doubt that Wells Fargo operates and conducts business in Pennsylvania. But simply transacting business in the state does not make a corporation "at home" there. *See Gibbs v. Trans Union LLC*, No. 2:21-CV-00667, 2021 WL 2375898, at *2 (E.D. Pa. June 10, 2021) (finding Wells Fargo not subject to general jurisdiction in Pennsylvania). Moreover, the Pennsylvania Supreme Court recently held in *Mallory v. Norfolk Southern Ry. Co.* that registration as a foreign corporation does not provide general jurisdiction over a corporation. 266 A.3d 542, 571 (Pa. 2021). As explained in *Mallory*, Pennsylvania's "scheme of conditioning the privilege of doing business in the Commonwealth on the submission of the foreign corporation to general jurisdiction in Pennsylvania courts strips foreign corporations of the due process safeguards guaranteed

in *Goodyear* and *Daimler*. Legislatively coerced consent to general jurisdiction is not voluntary consent and cannot be constitutionally sanctioned." *Id.*

Accordingly, there is no basis for finding Defendant Wells Fargo to be "at home" or otherwise subject to general jurisdiction in Pennsylvania.

B.   **Specific Jurisdiction**

Specific jurisdiction, on the other hand, exists when a defendant "'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Metcalfe*, 566 F.3d at 334 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). A court evaluating specific jurisdiction undertakes a three-part inquiry. *D'Jamoos*, 566 F.3d at 102. First, the court must determine whether the defendant "'purposefully directed [its] activities' at the forum." *Id.* (quoting *Burger King*, 471 U.S. at 472). Second, the court determines whether the litigation "'arises out of or relates to' at least one of those activities." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). And if the first two requirements have been met, the court "consider[s] whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" *Id.* (quoting *Burger King*, 471 U.S. at 476).

Here, there are no facts to give rise to specific jurisdiction in Pennsylvania. All of the actions detailed in the Complaint occurred in New Jersey. It was there that Plaintiff purchased the cars at issue. ECF No. 5-4. It was there that she entered into the contracts that were later assigned to Wells Fargo. ECF No. 5-3 at 2. Moreover, it was presumably there that her cars were repossessed and Plaintiff suffered her injuries. Thus, none of Defendant's alleged actions giving rise to this suit took place in or were directed at Pennsylvania.

In her Sur-reply to the Motion to Dismiss, Plaintiff points to portions of the Pennsylvania long-arm statute to support personal jurisdiction over Wells Fargo. ECF No. 8 at 1. Specifically, she quotes the portion of the Pennsylvania long-arm statutes which states "[a] tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, *as to a cause of action or other matter arising from such person*: (1) transacting any business in this Commonwealth." *Id.* (quoting 42 Pa. Cons. Stat. § 5322(a) (emphasis added)). The key language in the long-arm statute is that the action must arise from the person transacting business in the state. Again, here the cause of action did not arise from Wells Fargo's actions in Pennsylvania. Rather, the facts in the Complaint suggest that the cause of action arose solely in New Jersey. Moreover, even if this specific jurisdiction long-arm statute was not qualified in this way, "[a] statutory basis for the exercise of jurisdiction alone is not sufficient. [Rather,] [t]he exercise of jurisdiction must also be consistent with the limits imposed by the Due Process Clause of the Fourteenth Amendment." *Greco v. SubGallagher Inv. Tr.*, No. 19-2922, 2020 WL 4371841, at *5 (E.D. Pa. July 29, 2020) (citing *Walden v. Fiore*, 571 U.S. 277, 283 (2014)). As explained above, here the Due Process Clause does not provide for personal jurisdiction over Defendant.

Thus, Plaintiff has failed to establish that this Court has either general or specific jurisdiction over Defendant in this case.[1]

---

[1] Defendant also argued that Plaintiff failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff has not established that this Court has personal jurisdiction over Defendant, the merits cannot be addressed. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868))).

## C. Transfer to the District of New Jersey

The Court notes that neither party has requested or otherwise advocated for transfer. However, "a district court that lacks personal jurisdiction must at least consider a transfer." *Danziger*, 948 F.3d at 132. Moreover, courts "may transfer a case at the parties' request or sua sponte[.]" *Id.* (citations omitted). Pursuant to 28 U.S.C. § 1631, when a civil action is filed in a court lacking personal jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed[.]" 28 U.S.C. § 1631. Thus, the Court must determine whether (1) the case could have been brought in the United States District Court for the District of New Jersey and (2) whether such a transfer is in the interest of justice.

First, the Court must determine whether Plaintiff could have brought this action in the District of New Jersey. Plaintiff bought the vehicles giving rise to the contracts in New Jersey. The contracts themselves were entered into in New Jersey. Furthermore, Plaintiff is from New Jersey and presumably the repossession of her vehicles also occurred there. Thus, all the events giving rise to the Complaint occurred in New Jersey and venue would be proper there.

As to exercising personal jurisdiction over Defendant in New Jersey, "[t]he New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *Christie v. Nat'l Inst. for Newman Stud.*, 258 F. Supp. 3d 494, 499 (D.N.J. 2017) (quoting *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998)). Thus, to exercise personal jurisdiction over Defendant, there must be either specific or general jurisdiction in New Jersey. While Defendant does not assert that jurisdiction would be proper in New Jersey, it does note that "[e]verything relating to Plaintiff's Complaint occurred in New Jersey." ECF No. 5-3 at 4. Thus, the events giving rise to the Complaint occurred in New Jersey and therefore, there is a prima facie

showing that the New Jersey District Court would have specific personal jurisdiction over Defendant. Therefore, as both venue and personal jurisdiction would be proper in New Jersey, the case could have been brought there.

Next, the Court must determine whether the transfer is in the interest of justice. "Normally transfer will be in the interest of justice because [ ] dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Lawman Armor Corp. v. Simon*, 319 F. Supp. 2d 499, 507 (E.D. Pa. 2004) (quoting *In re Ski Train Fire in Kaprun, Austria on November 11, 2000*, 257 F. Supp. 2d 717, 734 (S.D. N.Y. 2003) (further citations omitted)). "Indeed, transfer often has the advantage over dismissal because it provides the benefit of maintaining continuity and avoiding litigation over whether the refiled action is time-barred." *Jager v. Fleet Mgmt. Rd. Serv.*, No. 14-8130, 2021 WL 4932765, at *6 (D.N.J. Oct. 22, 2021) (citing *Kim v. Korean Air Lines Co.*, 513 F. Supp. 3d 462 (D.N.J. 2021)). The Court finds that a transfer is in the interest of justice because it will prevent the duplication of filing costs as well as other administrative burdens for the *pro se* Plaintiff that may arise from a dismissal.

Accordingly, this Court will direct the clerk to transfer the case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1631.

### IV. CONCLUSION

For the foregoing reasons, finding Plaintiff has failed to establish that this Court has personal jurisdiction over Defendant, the case will be transferred to the District of New Jersey. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**
_____
**CHAD F. KENNEY, JUDGE**